IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SFC DENNIS E. MANN | ) |
| | ) |
| v. | ) NO. 3:08-0447 |
| | ) JUDGE CAMPBELL |
| PETE GEREN, SECRETARY OF | ) |
| THE DEPARTMENT OF ARMY | ) |

MEMORANDUM

Pending before the Court is Defendant's Renewed Motion to Dismiss (Docket No. 31). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff's Second Amended Complaint (Docket No. 22) alleges that he was, at all times relevant herein, a technician employed by the Tennessee Army National Guard. Plaintiff alleges that Defendant discriminated against him, based upon retaliation, by terminating his employment.

Plaintiff filed an administrative complaint with the Tennessee National Guard, and an Administrative Law Judge upheld Plaintiff's firing. Thereafter, the Adjutant General of the State of Tennessee also upheld Plaintiff's firing. Finally, the Equal Employment Opportunity Commission ("EEOC") upheld Plaintiff's firing as well.

Plaintiff claims that the decision of the EEOC's Office of Federal Operations to uphold the prior decisions was made in an arbitrary and capricious manner and without the benefit of substantial evidence. In addition, Plaintiff alleges that Defendant retaliated against Plaintiff for filing his EEOC Complaint and acted arbitrarily and capriciously in not considering the retaliation and reprisals against Plaintiff.

Plaintiff asks the Court to (1) order Defendant to file the administrative record of this case, (2) review the decision of the EEOC Office of Federal Operations and order Plaintiff to be reinstated, and (3) award Plaintiff reasonable attorney's fees and the cost of this case, if applicable.

Defendant asks the Court to dismiss this action for lack of subject matter jurisdiction.

DISCUSSION

The Sixth Circuit Court of Appeals has determined that a National Guard technician occupies a "military" position. *Fisher v. Peters*, 249 F.3d 433, 441 (6th Cir. 2001); *Leistiko v. Stone*, 134 F.3d 817, 821 (6th Cir. 1998) ("[e]very court having occasion closely to consider the capacity of National Guard technicians has determined that capacity to be irreducibly military in nature.") Because Plaintiff's position is "military" in nature, Plaintiff's claim is "non-justiciable" in a United States District Court under Title VII. *Fisher*, 249 F.3d at 443; *Leistiko*, 134 F.3d at 820-21.

In *Brown v. Roche*, 2005 WL 234983 (M.D. Tenn. Sept. 26, 2005), the Court found that "the Sixth Circuit has repeatedly determined that federal courts lack jurisdiction to enforce various employment discrimination statutes when such statutes serve as the basis of a claim asserted by a member of the military." *Id.* at * 2.

Plaintiff responds that he is not seeking money damages but, rather, a review of the administrative record of his EEOC Complaint to determine if the EEOC's actions were valid. Plaintiff cites no authority for his assertion that this Court has jurisdiction to review the decision of the EEOC Office of Federal Operations, under an "arbitrary and capricious" standard or otherwise. Plaintiff has not rebutted the above-cited controlling law which holds that Plaintiff's job is "military" in nature and, therefore, his claims are "non-justiciable" in this Court.

2

The Court finds that Plaintiff, as a military member of the Tennessee Air National Guard, cannot bring his employment discrimination claims against Defendant in this Court. *See also Jones v. Tennessee Air National Guard*, 2006 WL 382135 (W.D. Tenn. Feb. 16, 2006).

Accordingly, Defendant's Renewed Motion to Dismiss (Docket No. 31) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3

Case 3:08-cv-00447  Document 35  Filed 10/24/08  Page 3 of 3 PageID #: 131